IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW DEGAN and KAILYNNE DEGAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FIVE STAR DODGE, INC. and CAPITAL ONE NA, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:20-cv-03755-MHC-RGV |

## ORDER

Defendant Capital One NA, Inc. ("Capital One"), has filed a motion for leave to file matters under seal, [Doc. 118],[1] which plaintiffs Andrew Degan and Kailynne Degan ("plaintiffs"), oppose, [Doc. 119], and Capital One has filed a reply in support of its motion to seal, [Doc. 120]. Capital One seeks an order sealing certain documents filed in support of its motion for summary judgment. See [Doc. 118 at 1-2 (specifying Defendants' Exhibits 6, 7, 9, 10, 11, 22, 23, 24, A1, and A2)]. Capital One contends that good cause exists to seal these documents because the documents contain plaintiffs' "confidential financial information and/or confidential and proprietary information regarding [Capital One's]

---

[1] The listed document and page numbers in citations to the record in this Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF. Capital One asserts that it is properly known as Capital One Auto Finance, a division of Capital One, N.A. [Doc. 118 at 1].

internal policies and procedures for account servicing, credit reporting, handling of customer communications and complaints, fraud investigations, attorney authorizations, dealer relationships, training, and legal compliance." [Doc. 118-1 at 8-9]. For the reasons that follow, Capital One's motion to seal, [Doc. 118], is **GRANTED**.

"Although the Court has the authority to seal documents . . ., there is a presumption in favor of public access." Sciele Pharma, Inc. v. Brookstone Pharms., LLC, Civil Action No. 1:09–CV–3283–JEC, 2011 WL 3844891, at *17 (N.D. Ga. Aug. 30, 2011) (citation omitted). "In order to overcome that presumption, the movant must show 'good cause,'" and the "Court must then balance the public right of access against the movant's interest in keeping the information confidential." Id. (citation omitted). "When determining whether good cause to seal exists, a district court must first look to 'the nature and the character of the information in question.'" Rance v. Rocksolid Granit USA, Inc., CASE NO. 08-21639-CIV-MIDDLEBROOKS/JOHNSON, 2011 WL 13272650, at *2 (S.D. Fla. Oct. 24, 2011) (citation omitted). "When balancing the public's common-law right to access judicial records against a party's interest in keeping the information confidential," id. (citation and internal marks omitted), the Court considers, among other factors:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if

2

made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted).

Capital One moves to seal the following documents submitted in support of its motion for summary judgment:

● Defendants' Exhibit 6:  Complete 30(b)(6) deposition of Joseph Allison for Defendant [Capital One], (Doc. 116-1);

● Defendants' Exhibit 7:  Complete 30(b)(6) deposition of Dinesh Vajala for Defendant [Capital One], (Doc. 116-2);

● Defendants' Exhibit 9: Dispute Letters and ACDVs from [plaintiffs'] First Set of Disputes, (Doc. 104-5, [Doc.] 115-4);

● Defendants' Exhibit 10: Dispute Letters and ACDVs from [plaintiffs'] Second Set of Disputes, (Doc. 104-6, [Doc.] 115-5);

● Defendants' Exhibit 11:  Retail Installment Sales Contract, (Doc. 104-7, [Doc.] 115-6);

● Defendants' Exhibit 22: [Capital One] Activity Notes Report on [ plaintiffs'] Account, (Doc. 105-9);

● Defendants' Exhibit 23: [Capital One] TMS Notes for [ plaintiffs'] Account, (Doc. 105-10);

● Defendants' Exhibit 24: [Capital One] Transaction History of [ plaintiffs'] Account, (Doc. 105-11);

● Defendants' Exhibit A1: Declaration of Joe Allison, (Doc. 106-1); [and]

● Defendants' Exhibit A2: Declaration of Dinesh Vajala, (Doc. 106-2).

3

[Doc. 118 at 1-2].  Capital One argues that its interest in protecting plaintiffs' confidential financial information constitutes good cause for sealing the documents under the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 et seq., which requires Capital One "to protect the security and confidentiality of its customers' nonpublic personal information [] from unauthorized access and disclosure."  [Doc. 118-1 at 9].[2]  Plaintiffs argue that "there are two solutions that are less onerous than sealing, and [Capital One has] not sufficiently explained why either cannot be used."  [Doc. 119 at 3].

Plaintiffs first suggest that they "can waive their right to have their protected information remain protected, and have arguably already done so by disputing the need for a protective order in the first place."  [Id.].  However, as Capital One notes, plaintiffs have not provided written consent to Capital One's "public production as required by the [GLBA]," and "[b]ecause they have not,

---

[2] The GLBA states that "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."  15 U.S.C. § 6801(a).  The GLBA further defines "nonpublic personal information" as "personally identifiable financial information" that is "(i) provided by a consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution."  15 U.S.C. § 6809(4)(A).

[Capital One] was obligated to produce the documents as 'Confidential' pursuant to the Parties Agreed Protective Order and is now seeking to maintain the sealed status of the [d]ocuments in accordance therewith." [Doc. 120 at 3 (citation omitted)]. Plaintiffs also argue that even if they do not waive their right, Capital One "can redact their filings to shield account numbers, social security numbers, and such other information as could be used by wrongdoers to harm [ them]." [Doc. 119 at 3]. Capital One responds that the GLBA requires it "to protect the security and confidentiality of its customers' personally identifiable financial information," citing the broad categories of personally identifiable information included in the GLBA. [Doc. 120 at 3-4 (citation omitted)]. Capital One asserts "that information falling within the [listed] categories permeates the [d]ocuments [it] is seeking to file under seal," as "[e]ach and every one of the [d]ocuments contain information regarding the existence, history, amounts due, and credit reporting of [p]laintiffs' account," and "[s]imply redacting [p]laintiffs' account number or social security numbers does not satisfy [Capital One's] requirements to protect such information pursuant to the GLBA or the governing Protective Order, and therefore is an inadequate alternative to sealing the [d]ocuments." [Id. at 4]. The Court agrees with Capital One. A review of the documents that Capital One seeks to seal demonstrates that each document has information that the GLBA

5

requires Capital One to protect in the absence of plaintiffs' written consent, which has not been provided, and redacting is not a viable option because the redactions would be so extensive as to render the documents meaningless.  See Kinetic Concepts, Inc. v. Convatec Inc., NO. 1:08CV00918, 2010 WL 1418312 at *10 n.15 (M.D.N.C. April 2, 2010) (determining that "the pervasive nature of the sensitive information throughout the documents at issue [made] redaction pointless") (citing Harrell v. Duke Univ. Health Sys., C.A. No. 7:07–813–HMH, 2007 WL 4460429 at *1 (D.S.C. Dec. 18, 2007) (finding that it was "not possible to redact the records because it would render them meaningless")).

Capital One also argues that its "interest in protecting its confidential and proprietary business policies and procedures likewise constitutes good cause that warrants an order by this Court sealing the [d]ocuments."  [Doc. 118-1 at 11]. Plaintiffs argue that Capital One's argument "falls far short of the standard because it does not identify even one single, specific policy or system by name; does not explain how even that one single policy or system is so proprietary or special; and does not explain how, specifically, the disclosure could harm it." [Doc. 119 at 3].  The Court disagrees.  Capital One points to its "internal policies, procedures, technology systems, [] training practices[,]" business strategies, and record keeping systems to support its argument that its "[c]onfidential [b]usiness

[i]nformation [w]arrants [p]rotection," [Doc. 118-1 at 11-12 (emphasis omitted)], and specifically states "that the [d]ocuments contain confidential and proprietary information regarding [its] internal policies and procedures for account servicing, credit reporting, handling of customer communications and complaints, fraud investigations, attorney authorizations, dealer relationships, training, and legal compliance," [Doc. 120 at 5]. Additionally, Capital One does explain how disclosure could harm it; Capital One states that it "diligently protects information regarding its proprietary business systems, policies, and procedures to ensure that the information is not improperly utilized by third parties to manipulate [Capital One's] business operations or improperly take advantage of [Capital One] and/or its customers." [Id. at 6]. Further, Capital One provided specific examples of ways in which disclosure would harm it. See [id. at 6-7].³ Redaction of the documents is not a viable option given the extensive amount of plaintiffs' personal protected information and Capital One's confidential business information. See Frohn v.

---

³ Specifically, Capital One states, "[a]s one example, public disclosure of information regarding how [it] handles complaints about dealer practices could permit dealerships to 'game the system' when it comes to working with [Capital One] on consumer complaints." [Doc. 120 at 6]. Additionally, Capital One explains that "allowing other auto lenders an unwarranted view into [Capital One's] internal practices could place [it] at a competitive disadvantage by allowing its competitors to copy the operating systems, policies, and training materials it has developed over a long period of time and at substantial cost." [Id. at 6-7].

7

Globe Life & Accident Ins. Co., Case No. 1:19-cv-713, 2022 WL 214553 at *3 (S.D. Ohio Jan. 25, 2022) (citation omitted) (finding that the decedent's health information was pervasive within, and the defendant's sensitive business information permeated, the documents that the defendant sought to seal "such that it would be impractical to cull any portions that happen not to contain such information").

Finally, Capital One argues that "[t]he public interest in disclosure is not outweighed by the potential harm to [Capital One] or [p]laintiffs," and "[s]ealing the documents will not impair Court functions," as "there is no dispute in this case regarding the reliability of the [d]ocuments," and "there is no less onerous alternative to sealing the documents[.]"  [Doc. 118-1 at 12-13].  Capital One concludes that "the legitimate public interest, if any, in the [d]ocuments is minimal when weighed against [Capital One's] interests in protecting this private and proprietary information and the prejudice it, and [p]laintiffs, would suffer if the [d]ocuments entered the public domain."  [Id. at 13].

Plaintiffs contend that Capital One has "failed entirely to address the *Chicago Tribune* requirements,"[4] and plaintiffs "point to many reasons why the

---

[4] Plaintiffs cite Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam), in their response for the proposition that "[d]etermining whether materials should be sealed, as opposed to allowing their

public has an interest in this information," including that "it can help other customers by showing them exactly how bad the policies, procedures, and customer service of [d]efendants is." [Doc. 119 at 2, 4-5 (emphasis added)]. Capital One responds that plaintiffs "do not identify which *Chicago Tribune* requirements they believe [Capital One] failed to address; do not respond to [Capital One's] assertions regarding the factors promulgated by . . . [Romero]; and do not provide any explanation as to how such factors instead weigh in favor of public disclosure." [Doc. 120 at 7-8 (internal marks omitted)]. Capital One contends that it "has a legitimate privacy interest in sealing the [d]ocuments and will sustain competitive injury if they are not sealed," and "sealing the [d]ocuments will not impair any court functions or [p]laintiffs' ability to respond to the information, and the [d]ocuments do not contain any information regarding public officials or interests." [Id. at 8 (citation omitted)]. The Court agrees with Capital One and finds that it has shown good cause for sealing the documents at issue. See Nixon v. Warner Commc'ns, 435 U.S. 589, 598 (1978) (recognizing that "courts have refused to permit their files to serve as . . . sources of business information that

---

free access via the common-law right of access, requires a balancing of competing interests." [Doc. 119 at 2 (internal marks omitted)]. The factors outlined in plaintiffs' response are the same as those cited in Romero, as previously summarized in this Order.

might harm a litigant's competitive standing"); see also Snapkeys, Ltd. v. Google LLC, Case No. 19-CV-02658-LHK, 2021 WL 1951250 at *2 (N.D. Cal. May 14, 2021) (citations and internal marks omitted) (recognizing that "courts have found compelling reasons to seal proprietary and confidential business information that would harm a party's competitive standing").

For the foregoing reasons, the Court **GRANTS** Capital One's motion, [Doc. 118], in its entirety. The Clerk is **DIRECTED** to maintain under seal the following documents:

- Defendants' Exhibit 6: Complete 30(b)(6) deposition of Joseph Allison for Defendant Capital One, [Doc. 116-1];

- Defendants' Exhibit 7: Complete 30(b)(6) deposition of Dinesh Vajala for Defendant Capital One, [Doc. 116-2];

- Defendants' Exhibit 9: Dispute Letters and ACDVs from plaintiffs' First Set of Disputes, [Doc. 104-5; Doc. 115-4];

- Defendants' Exhibit 10: Dispute Letters and ACDVs from plaintiffs' Second Set of Disputes, [Doc. 104-6; Doc. 115-5];

- Defendants' Exhibit 11: Retail Installment Sales Contract, [Doc. 104-7; Doc. 115-6];

- Defendants' Exhibit 22: Capital One Activity Notes Report on plaintiffs' Account, [Doc. 105-9];

- Defendants' Exhibit 23: Capital One TMS Notes for plaintiffs' Account, [Doc. 105-10];

- Defendants' Exhibit 24: Capital One Transaction History of plaintiffs'

Account, [Doc. 105-11];

- Defendants' Exhibit A1: Declaration of Joe Allison, [Doc. 106-1]; and

- Defendants' Exhibit A2: Declaration of Dinesh Vajala, [Doc. 106-2].

The Clerk is **DIRECTED** to unseal all other provisionally sealed documents.

**IT IS SO ORDERED and DIRECTED**, this 9th day of December, 2022.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

11